IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, DEPARTMENT OF HAWAIIAN HOME LANDS, | ) ) ) | CIVIL NO. 18-00366 HG-RT |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| RACHEL L. KAILIANU, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 13)**

Plaintiff is the State of Hawaii Department of Hawaiian Home Lands. Plaintiff filed a Complaint for ejectment in the Hawaii State Court against Defendant Rachel L. Kailianu alleging failure to pay for her lease of Hawaiian Home Lands property.

Defendant Rachel L. Kailianu removed the action to federal court.

Plaintiff filed a motion to remand proceedings back to Hawaii State Court for lack of subject-matter jurisdiction. (ECF No. 13). Plaintiff's Complaint is based exclusively on Hawaii state law and there is no federal question presented.

Plaintiff's Motion For Remand (ECF No. 13) is **GRANTED.**

**PROCEDURAL HISTORY**

On September 13, 2018, Plaintiff State of Hawaii, Department of Hawaiian Home Lands, filed a Complaint for Ejectment in the

1

District Court of the First Circuit.  (Complaint, attached as Ex. 1 to Def.' Notice of Removal, ECF No 1-1).

On September 25, 2018, Defendant Rachel L. Kailianu filed a Notice of Removal.  (ECF No. 1).

On January 4, 2019, Plaintiff filed MOTION FOR REMAND.  (ECF No. 13).

On January 24, 2019, Defendant filed her RESPONSE TO PLAINTIFF'S MOTION FOR REMAND.  (ECF No. 15).

On February 8, 2019, Plaintiff filed its Reply. (ECF No. 16).

## BACKGROUND

The case stems from an act passed by the Unites States Congress, the Hawaiian Homes Commission Act of 1921, Public Law No. 67–34, 42 Stat. 108.  The Hawaiian Homes Commission Act set aside approximately 200,000 acres (the Hawaiian Home Lands) for the benefit of Native Hawaiians.

The Hawaiian Homes Commission Act created the Hawaiian Homes Commission to lease parcels of land within its jurisdiction to Native Hawaiians.  When Hawaii was admitted to statehood in 1959 the administration of the Hawaiian Home Lands was transferred to the State of Hawaii.  Hawaii Admission Act, Pub. L. No. 86-3, 73 Stat. 5 (1959).  The Hawaiian Homes Commission Act was adopted into the Hawaii State Constitution.  Haw. Const. Art. XII.  The Hawaiian Homes Commission Act delegated the primary administrative responsibility to the Department of Hawaiian Home

Lands. Haw. Const. Art. XII.

Residence lot ("Lot No. 337") located in Waianae, Hawaii, is part of the Hawaiian Home Lands that are owned and administered by the Plaintiff. According to the Complaint, on November 10, 2005, Defendant Kailianu entered into a loan agreement with the Plaintiff to lease Lot No. 337. (Compl. at pp. 2-3, ECF No. 1-1).

Plaintiff alleges that on December 15, 2011, Defendant's lease was cancelled based on her failure to pay the delinquent loan amount. Plaintiff filed a Complaint for Ejectment in Hawaii state court on September 13, 2018. (Compl., ECF No. 1-1).

On September 25, 2018, Defendant removed the suit to the United States District Court for the District of Hawaii asserting subject-matter jurisdiction alleging federal question jurisdiction. (Def.'s Notice of Removal at p. 2, ECF No. 1).

On January 1, 2019, Plaintiff filed a Motion For Remand. (ECF No. 13).

## **STANDARD OF REVIEW**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of a civil action from state court to the appropriate federal district court is permissible if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441. A motion to remand may be brought to challenge the removal of an

action from state to federal court.  28 U.S.C. § 1447(c).

There is a strong presumption against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The statute authorizing removal is strictly construed, and the removing party has the burden of establishing that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

Subject-matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

## ANALYSIS

### I. SUBJECT-MATTER JURISDICTION

#### A. Diversity Jurisdiction

Diversity jurisdiction exists where the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that plaintiffs and defendants be citizens of different states. Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007)(citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

It is widely held that a State is not a citizen for the

4

purposes of diversity jurisdiction.  A suit between a State and citizen does not constitute a suit between citizens of different states.  <u>Moor v. Cnty of Alameda</u>, 411 U.S. 693, 717-18 (1973).  State agencies have no citizenship for the purposes of 28 U.S.C. § 1332.  <u>Morongo Band of Mission Indians v. California State Bd. of Equalization</u>, 858 F.2d 1376, 1381-82 (9th Cir. 1988); <u>Dep't of Fair Emp't & Hous. v. Lucent Technologies, Inc.</u>, 2007 WL 2947421, at *1 (N.D. Cal. Oct. 9, 2007).

Plaintiff Department of Hawaiian Home Lands is an executive agency of the State of Hawaii and manages the Hawaiian Home Lands.  (Motion for Remand, at p. 2, ECF No. 13-1).

Defendant Rachel L. Kailianu is a citizen of the State of Hawaii.  (Def.'s Notice of Removal, at p. 3, ECF No. 1).

There is no diversity of citizenship because a state agency is not considered a citizen of a state for the purposes of diversity.  <u>Morongo Band of Mission Indians</u>, 858 F.2d at 1381.

**B.   Federal Question Jurisdiction**

Federal question jurisdiction exists when federal issues are raised in the complaint.  28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The presence or absence of federal question jurisdiction is guided by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint.  <u>Rivet v. Regions Bank of</u>

5

Louisiana, 522 U.S. 470, 475 (1998).

Plaintiff filed a Complaint in Hawaii State District Court of the First Circuit. The Complaint is an ejectment action seeking to enforce a Hawaii state law.

Defendant removed the case to the Federal District Court for the District of Hawaii on the basis of federal question subject-matter jurisdiction. Defendant claims that the ejectment action arises from the cancellation of her lease pursuant to a purported federal statute, the Hawaiian Homes Commission Act.

The Hawaiian Homes Commission Act was originally enacted by the United States Congress as a federal statute in 1921. With the admission of Hawaii as a State in 1959, the administration of the Hawaiian Home Lands was transferred to the State of Hawaii through the Hawaii Admission Act, Public Law No. 86-3, 73 Stat. 5 (1959). As part of the Admission Act, the Hawaiian Homes Commission Act was adopted into the Hawaii State Constitution and was deleted from the United States Code. Haw. Const. Art. XII; Han v. United States Dep't of Justice, 45 F.3d 333, 335-39 (9th Cir. 1995); Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 588 F.2d 1216, 1218-1220, 1226-27 (9th Cir. 1978); Native Hawaiian Law: A Treatise (M. MacKenzie ed. 2015).

The Ninth Circuit Court of Appeals has expressly ruled that claims brought pursuant to the Hawaiian Homes Commission Act are state law claims as they are subject to the Hawaii State Constitution. Courts have consistently ruled that there is no federal question to confer subject-matter jurisdiction pursuant

6

to the Hawaiian Homes Commission Act. Han, 45 F.3d at 339 ("Claims under the [Hawaiian Homes] Commission Act, which has been expressly incorporated in the Hawaii Constitution, arise exclusively under state law."); Keaukaha-Panaewa Cmty. Ass'n, 588 F.2d at 1227 ("We therefore conclude that the [Hawaiian Homes] Commission Act claims do not arise under federal law."); see Loa v. Lynch, Civ. No. 16-00446 JMS-KSC, 2016 WL 7155733, *4 (D. Haw. Dec. 7, 2016).

Defendant's lease was cancelled based on her failure to pay the loan which financed the lease of the Hawaiian Home Lands property. Plaintiff filed a Complaint based solely on a state-law ejectment cause of action. Plaintiff filed its Complaint in the Hawaii State District Court of the First Circuit pursuant to Haw. Rev. Stat. § 604-6.

There is no federal question subject-matter jurisdiction for a state law ejectment action.

## II. Notice of Removal

Defendant alleges in her Notice of Removal that she believes the Plaintiff has violated several federal statutes as well as the United States Constitution.[1]

The allegations made by Defendant appear to be thoughts of a

---

[1] Defendant alleges violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., the Truth in Lending Act, 15 U.S.C. ch. 41 § 1601, the Rehabilitation Act, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq., the First and Fifth Amendments of the United States Constitution, and the Takings Clause of the Fifth Amendment of the United States Constitution. (See Notice of Removal, at ¶¶ 8-12, ECF No. 1).

7

possible counterclaim against the Plaintiff.  A counterclaim cannot serve as the basis for federal question subject-matter jurisdiction.  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

The Court is without subject-matter jurisdiction.  Removal was improper pursuant to 28 U.S.C. § 1441.

### CONCLUSION

Plaintiff's Motion For Remand (ECF No. 13) is **GRANTED**.

IT IS SO ORDERED.

DATED:   March 29, 2019, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

State of Hawaii, Department of Hawaiian Home Lands v. Rachel L. Kailianu; Civ. No. 18-00366 HG-RT; **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 13)**